UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN STRAUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:04-CV-1110 RWS |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, et al. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on the motions to dismiss of defendants Correctional Medical Services, Williams, Young, Conley, Jorgenson, Burkel, Rowley, Hill, Satterwaite and Missouri Department of Corrections. Defendants contend that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies and for failure to state a claim. Except as noted below, the motions will be denied.

Plaintiff, a Missouri prisoner, injured himself while playing handball. His pro se amended complaint alleges that the defendants denied him medical treatment, that this denial was deliberately indifferent, and that defendants' actions violated his constitutional rights under the Eighth Amendment. Plaintiff asserts violations of 42 U.S.C. § 1981, § 1983 § 1985, and § 1986. Named as defendants are Missouri

Department of Corrections Regional Medical Directors Elizabeth Conley and G. Jorgenson, Health Services Administrator Sandra Burkel, Missouri Department of Corrections Director of Nursing Lori Young, Physician John Williams, prison superintendent Larry Rowley, and correctional officers Tom Satterwaite, Elaine Moore, and Theresa Hill, along with the Missouri Department of Corrections and Correctional Medical Services.

## I. Exhaustion of Administrative Remedies

The defendants first move to dismiss plaintiff's complaint for failure to exhaust administrative remedies as to Conley, Jorgenson, Burkel, Hill, and Satterwaite. 42 U.S.C. § 1997e(a) requires a prisoner to fully exhaust prison grievance procedures before filing suit. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). "If exhaustion was not completed at the time of filing dismissal is mandatory." Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). Although defendants admit that plaintiff filed an Informal Resolution Request (IRR), Grievance and an Appeal with respect to his complaints about his medical condition and treatment, the defendants contend that I must dismiss plaintiff's complaint in its entirety because he did not specifically name several defendants during the grievance process. A review of the record reveals that defendant Burkel signed the plaintiff's grievance response and defendants Jorgenson and Conley signed his grievance appeal response. Defendants Hill and Satterwaite are not named anywhere by the

plaintiff in the grievance procedure, nor did they sign any of the responses. There is no dispute that plaintiff's appeal was actually investigated by the prison and denied before plaintiff filed suit. In the light of these and other circumstances, I will deny the motion to dismiss for failure to exhaust administrative remedies.

Exhaustion is an affirmative defense which must be proved by defendants and need not be pleaded by the plaintiff. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). Defendants have not met their burden in this case.

The underlying principle of the § 1997e(a) exhaustion requirement is to give notice to administrators and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003); Neal v. Goord, 267 F.3d 116, 120 (2nd Cir. 2001). This requirement is not intended to provide specific notice to individuals that they may be sued. Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004). Here, the plaintiff followed the required prison grievance procedure and received a response from supervisory decision-makers. Three of the defendants who argue for dismissal on exhaustion grounds (Jorgenson, Conley, and Burkel) are decision-makers in supervisory positions. A defendant need not always refer to such decision-making officials by name to put them on notice. See Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (stating that a warden and commissioner need not be named in a grievance unless personally involved in the plaintiff's injury).

This court is aware of Judge Noce's decision in <u>Dashley v. Correctional Medical Services, Inc.</u>, 345 F. Supp. 2d 1018, 1024 (E.D. Mo. 2004), but that decision does not require dismissal of plaintiff's complaint in this case. Here, unlike in <u>Dashley</u>, the plaintiff asserts that he was denied access to grievance forms and was therefore unable to register his complaints against the prison supervisors. Specifically, the plaintiff alleges that he was prevented from filing an IRR with regard to defendants Jorgenson, Conley and Burkel despite his attempts to do so. Defendants do not refute this assertion. Where a prisoner has been prevented from exhausting his administrative remedies by prison officials, his failure to exhaust does not act as a bar under § 1997e(a) because those administrative remedies were not available to him. <u>Lyon v. Krol</u>, 305 F.3d 806, 808-09 (8th Cir. 2002); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001). Because plaintiff alleges that he was prevented from exhausting his administrative remedies as to defendants Jorgenson, Conley, and Burkel by prison officials, plaintiff's complaint cannot be dismissed under § 1997e(a).

Defendants have also failed to establish that the plaintiff did not exhaust his administrative remedies as to defendants Hill and Sattewaite. Defendants claim that because Hill and Sattewaite were not specifically named in the grievance procedure, plaintiff has failed to exhaust his claims as to them. Under § 1997e(a), a plaintiff must provide officials with all the relevant information that he has, but he need not

provide information he does not have or cannot reasonably obtain. Brown, 212 F.3d at 1208 (stating that a grievance procedure that requires a prisoner to provide information he does not have and cannot reasonably obtain is not a remedy that is available to the prisoner). Plaintiff alleges that he did not know the names of some of the defendants, including Hill and Sattewaite, at the time of filing his grievance. Defendants do not refute this assertion, nor have they established that the plaintiff either had or reasonably could have obtained their names before he filed his grievance. For this reason, I will deny the motion to dismiss for failure to exhaust administrative remedies as to defendants Hill and Satterwaite.

## II. Section 1981 Claims

Plaintiff claims that defendants' failure to provide him with proper medical care for his injuries amounts to a violation of 42 U.S.C. § 1981. In order to state a claim under § 1981, a plaintiff must claim: (1) that he is a member of a protected class; (2) that the defendants intended to discriminate on the basis of that protected class status; and (3) that the discrimination interfered with a protected activity as defined in § 1981. See Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Because plaintiff fails to allege that he was discriminated against because of his status as a member of a protected class, he has failed to state a claim under § 1981.

Plaintiff's § 1981 claim also fails because a federal action against a state actor

to enforce rights under § 1981 must be brought pursuant to 42 U.S.C. § 1983. <u>Artis v. Francis Howell North Band Boosters Assoc., Inc.</u>, 161 F.3d 1178, 1181 (8th Cir. 1998). For the above stated reasons, defendants' motion to dismiss plaintiff's § 1981 claim will be granted.

### III. Section 1985 Claims

Plaintiff also claims that the defendants' failure to provide proper medical care amounts to a conspiracy in violation of 42 U.S.C. § 1985. Plaintiff has not alleged anything which can be considered a violation of § 1985(1) or § 1985(2); therefore, this court assumes that plaintiff is bringing a claim under § 1985(3), which relates to a conspiracy to deprive him of rights or privileges. To state a claim under § 1985, a plaintiff must allege that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" motivated the conspirators' action. <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971); <u>See also</u> <u>City of Omaha Employees Betterment Assoc. v. City of Omaha</u>, 883 F.2d 650, 652 (8th Cir. 1989). As plaintiff has not alleged any kind of racial or other class-based discriminatory animus, defendant's motion to dismiss plaintiff's § 1985 claim will be granted.

### IV. Section 1986 Claims

Plaintiff contends that the defendants' failure to provide him proper medical treatment amounts to a violation of 42 U.S.C. § 1986. 42 U.S.C. § 1986 imposes

liability on those who have knowledge of a conspiracy prohibited by § 1985, and have the power to prevent it, but fail to do so. Lilley v. State of Missouri, 920 F. Supp. 1035, 1045 (E.D. Mo. 1996). A claim under 42 U.S.C. § 1986 is dependant upon a valid claim under § 1985. Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981); Lewellen v. Patterson, 843 F.2d 1103, 1116 (8th Cir. 1988). Because this court is dismissing plaintiff's § 1985 claim for failure to state a claim, plaintiff's § 1986 claim must be dismissed as well.

### V. The Eleventh Amendment

Defendants next contend that plaintiff's complaint is barred by the Eleventh Amendment. Generally, "in the absence of consent a suit in which the State or one of its agencies or departments is named is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). The Eleventh Amendment bar to suit brought against states and their agencies applies both to suits for damages and suits for injunctive relief. Pennhurst, 465 U.S. at 100-01. Because the Missouri Department of Corrections is an agency of the State of Missouri, the Eleventh Amendment bars plaintiff's § 1983 claims against it. See Singleton v. Missouri Department of Corrections, __ F.3d __, 2005 WL 2218039, at *3 (8th Cir. Sept. 14, 2005). Therefore, defendants' motion to dismiss the Missouri

Department of Corrections will be granted.

Section 1983 damage claims against individual defendants acting in their official capacities are barred, either by the Eleventh Amendment or because they are not "persons" for § 1983 purposes. Murphy, 127 F.3d at 754. However, "state officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." Id. Finally, "[t]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities." Id.

Plaintiff's complaint alleges that he is suing the defendants in both their personal and official capacities. With respect to claims for monetary damages against the defendants in their official capacities, the plaintiff's claims are barred by the Eleventh Amendment. However, plaintiff's complaint also seeks prospective injunctive relief. These claims are not barred by the Eleventh Amendment and survive dismissal. See Larson v. Kemper, 405 F.3d 645, 649 (8th Cir. 2005). Therefore, defendants' motion to dismiss with regard to defendants Rowley, Hill, and Satterwaite will be granted only to the extent that plaintiff's complaint seeks monetary damages from these defendants in their official capacities and will be denied in all other respects.

### VI. Qualified Immunity and Failure to State a Claim

Defendants Rowley, Hill and Satterwaite also argue that plaintiff's § 1983

action should be dismissed as to them because they are entitled to qualified immunity. The alternatively assert that plaintiff has failed to state a claim against them under § 1983. "State officials are shielded from § 1983 damage liability if their conduct did not violate clearly established constitutional rights of which a reasonable official would have known." Murphy, 127 F.3d at 755. To establish qualified immunity on a motion to dismiss, the defendants must show that they are entitled to qualified immunity on the face of the complaint. Bradford v. Huckabee, 394 F.3d 1012, 1015 (8th Cir. 2005). Defendants urge dismissal because the plaintiff has not made "specific allegations that show how the defendants were the 'cause in fact' of his constitutional injury," despite plaintiff's allegations that Defendant Rowley failed to properly train and supervise his subordinates and that Defendants Satterwaite and Hill were deliberately indifferent to plaintiff's medical needs.

Defendants' argument must be rejected because the Eighth Circuit Court of Appeals no longer applies heightened pleading requirements for § 1983 claims against individuals. Doe v. Cassel, 403 F.3d 986, 988-89 (8th Cir. 2005). Absent heightened pleading requirements, the standards for dismissal for failure to state a claim are well established. A plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th

Cir. 1993) (holding that a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must review the complaint in the light most favorable to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. See Conley, 355 U.S. at 45-46.

In addition, a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate entitlement to relief." Springdale Education Assoc. v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). The complaint should not be dismissed "merely because the court doubts that a plaintiff can prove all the necessary factual allegations." Krentz v. Robertson Fire Protection Dist., 228 F.3d 897, 905 (8th Cir. 2000) (quoting Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). Under these standards, plaintiff's complaint states claims against defendants Rowley, Hill and Satterwaite. The motion to dismiss will be denied.

Defendant Rowley also urges dismissal on the ground that *respondent superior* cannot form the basis for liability in a § 1983 action. While this is a correct statement of the law, it does not mandate Rowley's dismissal in the action.

Plaintiff's complaint alleges that Rowley failed to investigate and take action with regard to plaintiff's request for medical treatment on his grievance. This allegation is enough to state a claim against Rowley under § 1983. See Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996).

Finally, defendants Rowley, Hill and Satterwaite urge dismissal because "the allegations in the complaint fail to show that Rowley, Hill and Satterwaite violated any of Straub's clearly established Eighth Amendment rights" in spite of plaintiff's allegations that these defendants were deliberately indifferent to his medical needs. While the defendants are correct that deliberate indifference to an inmate's serious medical needs requires more than a disagreement between the plaintiff and the defendants regarding his medical treatment, the matter is before me on a motion to dismiss, and not a motion for summary judgment. Because this case is before me on a motion to dismiss, I must take the allegations in the Complaint as true and construe those allegations in the light most favorable to plaintiff. The Complaint alleges that the defendants refused him medical treatment or that their behavior displayed deliberate indifference to his serious medical needs, and as such it sufficiently states a cause of action for deliberate indifference against the defendants. Defendants' motion to dismiss plaintiff's § 1983 claims against them in their personal capacities on this basis will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [# 43 and #48] are granted **only** as follows: plaintiff's complaint for damages against defendants Rowley, Hill and Satterwaite in their official capacities is dismissed; plaintiff's complaint against defendant Missouri Department of Corrections is dismissed; plaintiff's complaint under 42 U.S.C. § 1981, 1985 and 1986 is dismissed. **In all other respects, defendants' motions to dismiss are denied.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2005.