UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN STRAUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV1110 RWS |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the motion for summary judgment filed by defendants Williams, Young, Burkel, Jorgenson, Conley and Correctional Medical Services. Plaintiff is a prisoner with the Missouri Department of Corrections and has filed this pro se action pursuant to 42 U.S.C. § 1983, alleging that defendants denied him medical treatment, that the denial was deliberately indifferent, and that defendants' actions violated his rights under the Eighth Amendment. Defendants move for summary judgment on the grounds that plaintiff cannot prove a constitutional violation as a matter of law. Because plaintiff received prompt and appropriate medical treatment, defendants' motion will be granted.

*Standard of Review*

In considering whether to grant summary judgment, a district court examines

all of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . ." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. As long as the record before me demonstrates that there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. See Roberts v. Browning, 610 F.2d 528, 531 (8th Cir. 1979). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is an "integral part of the Federal Rules as a whole." Celotex, 477 U.S. at 326; Assoc. Elec. Co-op., Inc., 838 F.2d at 273. Under these standards, I review the facts in this case.

*Background Facts*

Plaintiff broke his left ankle on December 21, 2003 while playing handball and was treated for his injuries by employees of Correctional Medical Services, a corporation which is contractually obligated to provide medical treatment to individuals incarcerated with the Missouri Department of Corrections. Plaintiff was initially seen by Nurse Cook, who treated his ankle with an ace bandage, issued him crutches and made him an appointment with a doctor the following morning. After examining plaintiff the following morning, Doctor Williams ordered an x-ray of plaintiff's ankle and prescribed him ibuprofen for his pain. Williams also instructed the plaintiff to use crutches and not to put weight on his left ankle. Finally, Williams ordered that a splint be applied to the ankle and scheduled an appointment for plaintiff to be seen by Dr. Turnbaugh, an outside physician. The splint was applied by Nurse Armistead with the assistance of Missouri Department of Corrections Director of Nursing Lori Young.

Plaintiff was seen by Dr. Turnbaugh the next day. Dr. Turnbaugh's notes on the Consultation Report Form indicate that he advised that plaintiff "may use [wheelchair]." (Def. Ex. C4.) Plaintiff alleges that when he returned to the prison, he was not issued a wheelchair on the orders of Defendants Young and Williams. On December 24, 2003, plaintiff was seen again by Williams, who did not issue a

wheelchair to plaintiff but instead told him to continue using crutches. Plaintiff alleges -- and the defendants do not deny -- that he requested a wheelchair.

On December 28, 2003, plaintiff slipped on a wet bathroom floor and fell. Plaintiff's cast was intact, but as a result of this fall he complained of pain in the back of his head, in the lumbar area of his back and in his left lower leg. Plaintiff was seen by Nurse Stockhausen, who advised him to continue taking his prescribed ibuprofen for his head, back and leg pain. Additionally, Stockhausen noted that plaintiff exhibited no redness, swelling, or bruising on his back, buttocks, or back of the head. Plaintiff was able to move all extremities and his neurological examination was normal. Plaintiff was seen by Williams the next day and was issued a wheelchair. Plaintiff was allowed to continue using the wheelchair until February 26, 2004.

Plaintiff filed an Informal Resolution Request (IRR) on December 30, 2003, complaining about the failure of defendants Young and Williams to provide him with a wheelchair when he broke his ankle. Plaintiff also complained about the failure to post wet floor signs in the housing unit wing and restroom. Young responded to the plaintiff's IRR on January 22, 2004. After his IRR was denied, plaintiff filed a grievance naming defendant Rowley, the prison superintendent, on March 17, 2004. The Health Services Administrator, defendant Burkel, responded

to the plaintiff's grievance on March 26, 2004. After plaintiff's grievances were denied, he filed an appeal on April 6, 2004. His appeal was denied on May 17, 2004 and was signed by Missouri Department of Corrections Regional Medical Directors Jorgenson and Conley.

On August 20, 2004, plaintiff filed the instant action, alleging that the prison medical staff acted with deliberate indifference to his serious medical needs. Named as defendants are Missouri Department of Corrections Regional Medical Directors Elizabeth Conley and G. Jorgenson, Health Services Administrator Sandra Burkel, Missouri Department of Corrections Director of Nursing Lori Young, Physician John Williams, prison superintendent Larry Rowley, correctional officers Tom Satterwaite and Theresa Hill, and Correctional Medical Services.[1] On November 22, 2004, defendants Correctional Medical Services, Williams and Young filed a motion for summary judgment. On April 14, 2005, I denied defendants' summary judgment motion without prejudice because I granted plaintiff leave to file an amended complaint. Plaintiff amended his complaint on June 2, 2005, and defendants Burkel, Conley, Jorgenson, Young, Williams and Correctional Medical Services thereafter moved for summary judgment again.

---

[1] Defendants Rowley, Satterwaite and Hill have not moved for summary judgment, so plaintiff's claims against them remain pending.

*Discussion*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976) (citation omitted). It is a violation of the Eighth Amendment to deny medical care for serious medical needs that would "constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 105-06.

To establish an Eighth Amendment violation, the inmate has the burden of proving both a subjective and objective component. First, the prison official must deprive the inmate of a right that is objectively "sufficiently serious" to rise to the level of a constitutional violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The "act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotations omitted). Additionally, the prison official may not be held liable for violations of the Eighth Amendment "for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Under this

standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A claim of deliberate indifference is only indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Estelle, 429 U.S. at 102 (citation omitted).

Deliberate indifference may be manifested "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05 (footnotes omitted). Additionally, "[d]eliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995). However, mere negligence or medical malpractice is "insufficient to rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Doctors may exercise their independent medical judgment in determining what treatment to give a prisoner. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). According to the Eighth Circuit Court of Appeals, "[t]he existence of a possible alternative course of treatment, which 'may or may not' have been successful, is not sufficient to raise an inference of deliberate indifference where the

7

prison officials acted reasonably but ultimately failed to avert the harm." Dulany, 132 F.3d at 1241. A plaintiff cannot establish deliberate indifference by "showing that another physician might have ordered different tests and treatment." Id. at 1242 (citations omitted). A prisoner's claims do not rise to the level of deliberate indifference merely because the prisoner had a "difference of opinion over matters of expert medical judgment or prescribed course of medical treatment." Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981).

Plaintiff contends that the defendants' treatment of his broken ankle, including their failure to provide him with a wheelchair, their treatment of him following his fall in the restroom and their failure to post wet floor signs constitute deliberate indifference to plaintiff's serious medical needs. However, the undisputed evidence in this case demonstrates that defendants were not deliberately indifferent to his serious medical needs as a matter of law. Instead, the record shows that plaintiff received prompt, appropriate medical treatment for his injuries. Plaintiff was treated immediately by a nurse after he broke his ankle and was seen by a physician the next day. His physician then scheduled an appointment to have plaintiff's ankle examined by an outside specialist who saw plaintiff the next day. Plaintiff also received a follow-up examination for his ankle by Williams. Under no circumstances can it be said that plaintiff was denied prompt medical treatment.

Moreover, the undisputed evidence demonstrates that defendants treated plaintiff's broken ankle appropriately. In support of their motion for summary judgment, the defendants have submitted the declaration of their expert witness, Dr. Thomas Baker, who opines that the care provided to plaintiff fell within the standard of care in the community and did not constitute deliberate indifference. The crux of plaintiff's complaint is that Williams did not immediately issue him a wheelchair upon the specialist's recommendation. However, plaintiff's disagreement with Williams regarding the issuance of the wheelchair does not constitute deliberate indifference as a matter of law. Williams was permitted to use his medical judgment to decide whether or not to issue a wheelchair to the plaintiff. See Long v. Nix, 86 F.3d at 765-66 (holding that a prisoner is not constitutionally entitled to any particular type of medical treatment and that a doctor's decision not to prescribe tranquilizers was not a constitutional violation as it was a matter of medical judgment).

In Estelle, the Eighth Circuit noted that "[a] medical decision not to order an X-ray, or like measure, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . ." 429 U.S. at 107. Like the X-ray at issue in Estelle, the defendants' medical decision not to issue plaintiff a wheelchair does not represent cruel and unusual punishment as a

9

matter of law. Under these undisputed facts, the defendants' treatment of plaintiff's broken ankle met accepted medical standards and does not rise to the level of deliberate indifference.

The same is true for plaintiff's claim that defendants were deliberately indifferent to his medical needs after his fall. Once again, plaintiff was treated immediately by the prison nurse, who examined his ankle, head, back and leg. She also performed a neurological examination and advised continued use of ibuprofen for plaintiff's pain. Plaintiff was examined by the prison doctor the next day and was issued a wheelchair. Defendants' expert witness testified that the treatment plaintiff received following his fall met accepted standards of care in the medical community. Because plaintiff received prompt and appropriate medical treatment following his fall, his claim fails as a matter of law.

Similarly, the failure to post a wet floor sign does not constitute deliberate indifference as a matter of law. Mere negligence is insufficient to rise give rise to a deliberate indifference claim. Dulany, 132 F.3d at 1239. A failure to provide safety precautions does not constitute deliberate indifference. See Stephens v. Johnson, 83 F.3d 198, 201 (8th Cir. 1996) (holding that a prison official's failure to provide inmates who move furniture with steel-toed boots, protective eyewear, and hard hats does not establish a constitutional violation). Plaintiff's claim that prison officials

failed to post a wet floor sign in the bathroom at most sounds in negligence and does not amount to deliberate indifference in violation of the Eighth Amendment. Because plaintiff has failed to establish that defendants' treatment of his broken ankle and other injuries or their failure to display wet floor signs constitutes deliberate indifference to his medical needs, I will grant summary judgment in favor of defendants Williams, Young, Burkel, Jorgenson, Conley and Correctional Medical Services.[2]

*Plaintiff's Rule 56(f) motion*

In response to defendants' motion for summary judgment, plaintiff argues that this motion is not ripe for adjuciation because there has been no type of discovery. A party defending a motion for summary judgment claiming inadequate discovery may request the court to postpone ruling on the motion until discovery can be conducted. Fed. R. Civ. P. 56(f). Still, this provision "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993) (citations and internal quotations omitted).

---

[2] Because I am granting defendants' motion for summary judgment on this ground, I need not -- and therefore do not -- address Correctional Medical Services' arguments regarding respondeat superior and policy or custom.

Rule 56 does not require trial courts to allow parties to conduct discovery before entering summary judgment. Id. (citing United States v. Light, 766 F.2d 394, 397 (8th Cir. 1985)). The party seeking the protection of Rule 56(f) "must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required." Id. (quoting Willmar Poultry Co. v. Morton-Norwich Products, Inc., 520 F.2d 289, 297 (8th Cir. 1975). Plaintiff must demonstrate "how postponement of a ruling on the motion will enable him by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Id.

Although the plaintiff has filed an affidavit in support of his Rule 56(f) motion, he has failed to demonstrate how additional discovery would enable him to rebut the movant's showing that no genuine issues of material fact are in dispute. Defendants voluntarily produced a copy of the plaintiff's complete medical records and have also submitted affidavits stating that plaintiff received medically appropriate and adequate care. Plaintiff has failed to allege what facts he hopes to uncover through discovery, or identified how he is unable to fully respond to summary judgment without additional discovery. Plaintiff has also failed to demonstrate how the record provided by defendants is incomplete. Where the plaintiff in a § 1983 action has not alleged specific facts he needs to develop through

discovery and has been provided with a complete copy of his medical records and expert affidavits regarding the standard of care provided to him, I need not grant a continuance or postpone the summary judgment decision on his deliberate indifference claim. See Dulany, 132 F.3d at 1238-39 (holding that the record in a § 1983 deliberate indifference action was not inadequate where the defendants had provided expert affidavits, the relevant prison policies, and all of the plaintiff's medical records).

As in Dulany, the record here is complete and plaintiff has failed to allege with any specificity what he believes further discovery will reveal. For these reasons, I will deny plaintiff's motion for a continuance or postponement of summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment of defendants Williams, Young, Burkel, Jorgenson, Conley, and Correctional Medical Services [# 61] is granted, and plaintiff's complaint against defendants Williams, Young, Burkel, Jorgenson, Conley and Correctional Medical Services is dismissed with prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2005.