UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN STRAUB,                          )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )        Case No. 4:04CV1110 RWS
                                       )
CORRECTIONAL MEDICAL                   )
SERVICES, et al.,                      )
                                       )
          Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for reconsideration and alternative notices of appeal. Plaintiff first asks the Court to reconsider the dismissal without prejudice of defendant Elaine Moore for failure to obtain timely service. Plaintiff attempted to serve defendant Moore through her employer, the Missouri Department of Corrections, but Moore no longer works there. For this reason, counsel for defendants was unable to waive service on behalf of Moore. Plaintiff, despite being given numerous opportunities to do so, was unable to provide the Court with a current address for service of process on this defendant. Therefore, I eventually dismissed plaintiff's claims against her without prejudice.

Plaintiff asks the Court to require defense counsel to provide Moore's address to the Court in camera for service of process. While the Court may have

Dockets.Justia.com

the ability to impose such a requirement under appropriate circumstances, it is not

warranted here because plaintiff's amended complaint fails to state a claim against

Moore.  Plaintiff alleges that Moore, in her position as the housing unit officer, was

ultimately responsible for the failure to post cautionary "wet floor" signs in the

housing unit bathroom.  These allegations, however, are insufficient to state a claim

against Moore because respondeat superior cannot apply to a § 1983 action.  Will v.

Michigan Dept. of State Police, 491 U.S. 58, 63 (1989); Givens v. Jones, 900 F.2d

1229, 1233 (8th Cir. 1990).  Moore was not alleged to have any personal

involvement in the complained-of actions. Without this direct personal involvement,

a causal connection necessary to state a § 1983 claim against Moore cannot be

formed.  See Pearl v. Dobbs, 649 F.2d 608, 609 (8th Cir. 1981).  For this reason,

Moore's dismissal -- even if defense counsel could provide an address for service of

process -- would remain appropriate. See 28 U.S.C. § 1915(e)(2)(B)(ii).[1]  Plaintiff's

motion for reconsideration will be denied.

Plaintiff also asks the Court to reconsider its October 24, 2005 Memorandum

and Order granting summary judgment in favor of defendants Williams, Young,

---

[1]Moore's dismissal is also appropriate because the Court has already ruled as
a matter of law that plaintiff cannot maintain an Eighth Amendment deliberate
indifference claim for the failure to post a cautionary "wet floor" sign in the housing
unit.

Burkel, Jorgenson, Conley and Correctional Medical Services.  Im support of reconsideration, plaintiff reiterates the same arguments he raised in opposition to summary judgment.  The Court remains unpersuaded by plaintiff's arguments and finds that summary judgment in favor of these defendants remains appropriate.

Plaintiff also contends that summary judgment was granted prematurely because he was unable to conduct adequate discovery on his claims.  Although plaintiff complains that he is not "sure" that the defendants provided his complete medical records in support of summary judgment, he fails to aver what records he believes were not provided, or more importantly, whether these medical records are relevant to his claimed injuries at issue in this case.  Although plaintiff disputes defendant's expert affidavit testimony offered in support of summary judgment, I find that the testimony meets the requirements of Federal Rule of Civil Procedure 56(e).  This testimony was unrefuted by plaintiff.  To avoid summary judgment, plaintiff must specify what additional documents or discovery he needs to properly respond to defendants' motion.  Plaintiff has not done this.  For this reason, plaintiff's motion for reconsideration of the October 24, 2005 Memorandum and Order will be denied.

Finally, plaintiff has also filed alternative notices of appeal with respect to the dismissal of defendant Elaine Moore and the October 24, 2005 Memorandum and

Order.  As plaintiff's claims against defendants Satterwaite and Rowley remain pending, these orders are interlocutory in nature and do not constitute an immediately appealable final judgment under Federal Rule of Civil Procedure 54(b). Construing plaintiff's <u>pro se</u> pleadings liberally as requests for permission to appeal, I will deny the motions because I do not find that the necessary conditions to certify an interlocutory appeal have been met.  <u>See</u> 28 U.S.C. § 1292(b).

Finally, plaintiff has again asked this Court to appoint counsel to represent him.  I denied plaintiff's previous request for counsel by Memorandum and Order dated March 29, 2005.  Applying the same factors here that I used to consider plaintiff's last request for counsel, I again find that appointment of counsel is not warranted at this time.  For this reason, I will deny the motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for reconsideration and/or in the alternative, motions for leave to appeal, [#74, #75, #76, #77] are denied.

- 4 -

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#70] is denied without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2005.